Dear Mr. Doughty:
You requested an opinion of this office regarding the Franklin Parish Police Jury's desire to allow the Northeast Ambulance Service to be the "sole provider" of ambulance services for Franklin Parish as authorized by La.R.S. 33:1236(32) and 33:4791.1. The Police Jury questions the legality of its contemplated action as well as the best interests of the parish. And, you rightfully question whether state law can prohibit federal antitrust action.
State law cannot prohibit a federal antitrust action. The state action exemption or "Parker" doctrine[1] is a defense to a federal antitrust law suit. Under Parker, a state law or regulatory scheme can be the basis for the antitrust immunity defense if the state (1) has articulated a clear and affirmative policy to allow anticompetitive conduct and (2) provides active state supervision of anticompetitive conduct undertaken by private actors.[2]
The first prong of the analysis appears to be satisfied by La.R.S.33:4791.1.
While the state may not confer antitrust immunity on private persons by fiat, it may displace competition with active state supervision if displacement is both intended by the state and implemented in specific details. Actual state involvement, not deference to private antitrust violations under the general auspices of state law, is a precondition for immunity from federal law.[3]
Some of the pertinent factors to determine active regulation by the State itself are:
(1) state-established prices; (2) review of the reasonableness of the price schedules; (3) review of the terms of the contract; (4) monitoring actual market conditions; and (5) engaging in "pointed reexamination" of the program.[4] Whether actual state supervision sufficiently exists to satisfy the Midcal factors would be open to factual question.
Unfortunately, state action immunity is disfavored, much as are repeals by implication.[5] The active supervision requirement stems from the recognition that where a private party is engaging in the anticompetitive activity, there is a real danger that he is acting to further his own interests, rather than the governmental interest of the State.[6] Its purpose is to determine whether the State has exercised sufficient independent judgment and control so that state intervention is an integral part of the scheme, not simply agreement among private parties. The analysis asks whether the State has played a substantial role in determining the specifics of the economic policy.[7]
Only the police jury can determine whether a sole ambulance provider is in the best interests of the parish. The federal policy is overwhelmingly in favor of competition as the preferred method of commerce.[8] However, the Franklin Parish Police Jury must balance that concern with that of the health, safety and welfare of its constituents. If I can be of any further help, do not hesitate to contact me.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
BY: ________________________ Jane Bishop Johnson Assistant Attorney General/Antitrust
JBJ/tgp
[1] The federal antitrust laws do not prohibit a State "as sovereign" from imposing certain anticompetitive restraints "as an act of government." Parker v. Brown, 317 U.S. 341, 352, 63 S.Ct. 307, 314,87 L.Ed. 315 (1943).
[2] California Retail Liquor Dealers Assn. v. Midcal Aluminum, Inc.445 U.S. 97, 105, 100 S.Ct. 937, 943, 63 L.Ed.2d 233 (1985); FederalTrade Commission v. Ticor Title Ins. Co., 504 U.S. 621, 633,112 S.Ct. 2169, 2176, 119 L.Ed.2d 410 (1992).
[3] Federal Trade Commission v. Ticor Title Insurance Co., 504 U.S. 621,633, 112 S.Ct. 2176, 119 L.Ed.2d 410 (1992).
[4] Midcal at 106-107, 943.
[5] Id. at, 635, 2178; City of Lafayette, Louisiana v. LP L,435 U.S. 389, 398-399, 98 S.Ct. 1123, 1129, 55 L.Ed.2d 364 (1978).
[6] Id. at 634, 2177; Patrick v. Burget, 486 U.S. 94, 100, 101,108 S.Ct. 1658, 1663, 100 L.Ed.2d 83 (1988).
[7] Id.at 634-635, 2177.
[8] U.S. v. South-Eastern Underwriters Assn., 322 U.S. 533, 553,64 S.Ct. 1162, 1174, 88 L.Ed. 1440 (1944), and subsequent cases reviewing the legislative history of the Sherman Act have concluded that Congress, exercising the full extent of its constitutional power, sought to establish a regime of competition as the fundamental principle governing commerce in this country. City of Lafayette, Louisiana v. LP L,435 U.S. 389, 398, 98 S.Ct. 1123, 1129, 55 L.Ed.2d 364 (1978).
Antitrust laws in general and the Sherman Act in particular, are the Magna Carta of free enterprise. They are as important to the preservation of economic freedom and our free-enterprise system as the Bill of Rights is to the protection of our fundamental person freedoms. And the freedom guaranteed each and every business, no matter how small, is the freedom to compete — to assert with vigor, imagination, devotion, and ingenuity whatever economic muscle it can muster. Id. Fn.16; U.S. v. Topco Assoc., 405 U.S. 596, 610,92 S.Ct. 1126, 1135, 31 L.Ed.2d 515 (1972).